IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00891-BNB

STEVEN KIDERLEN,

    Applicant,

v.

CHARLES E. SAMUELS, JR., BOP Director,

    Respondent.

ORDER

This matter is before the Court on the Notice to Court (ECF No. 10) and the Motion for Immediate Injunction and/or Temporary Restraining Order (ECF No. 11) filed *pro se* by Plaintiff, Steven Kiderlen on April 7, 2014. The Court must construe the filings liberally because Mr. Kiderlen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Kiderlen is a prisoner in the custody of the Federal Bureau of Prisons. He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the conditions of his confinement. On March 31, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Kiderlen to cure certain deficiencies if he wishes to pursue his conditions of confinement claims in this action. In particular, Magistrate Judge Boland directed Mr. Kiderlen to submit a certified copy of

his inmate trust fund account statement in support of his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and to use the proper pleading form, a Prisoner Complaint rather than a habeas corpus application, to assert conditions of confinement claims.

The Court first will address the Notice to Court. Mr. Kiderlen alleges in the Notice to Court that he will be unable to cure the deficiencies in this action because he was scheduled to be transferred to another prison on April 4, 2014, and his property will be in transit for an unknown length of time; he cannot obtain a certified copy of his inmate trust fund account statement from prison officials; and he does not understand why the pleading he submitted was on the wrong form. The Court construes the Notice to Court as both an objection to the order directing him to cure deficiencies and a request for extension of time to cure the deficiencies. For the reasons stated below, the objection will be overruled. The request for an extension of time will be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's order directing Mr. Kiderlen to cure the identified deficiencies is not clearly erroneous or contrary to law.

With respect to his failure to use the proper pleading form, it is clear that Mr. Kiderlen may not pursue conditions of confinement claims in a habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Palma-Salazar v.*

*Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). "It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unnamed Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971)– not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011); *see also Johnson v. Lappin*, 478 F. App'x 487, 492 (10th Cir. 2012) (stating that an application for a writ of habeas corpus that seeks early release as a remedy for allegedly unconstitutional conditions of confinement would be frivolous); *Cohen Ma v. Hunt*, 372 F. App'x 850, 852 (10th Cir. 2010) (per curiam) (stating the district court "correctly determined that claims regarding conditions of confinement may not be brought in a § 2241 proceeding"). Therefore, if Mr. Kiderlen wishes to pursue any conditions of confinement claims in this action, he must file a proper pleading on the court-approved Prisoner Complaint form as he has been directed to do.

With respect to Mr. Kiderlen's allegation that he cannot get a certified copy of his inmate trust fund account statement, Mr. Kiderlen must provide specific factual allegations regarding the steps he has taken to obtain a certified copy of his inmate trust fund account statement and why he has been unable to obtain one.

Finally, the fact that Mr. Kiderlen was scheduled to be transferred to another prison on April 4, 2014, and may not have access to his property for an unknown length of time will not excuse a failure to file a pleading on the proper form and to submit a certified copy of his inmate trust fund account statement. However, the Court will grant

Mr. Kiderlen an additional thirty days to cure the deficiencies if he wishes to pursue his claims in this action.

The Court next will address the motion for an immediate injunction or temporary restraining order. Mr. Kiderlen asks in the motion for an immediate injunction or temporary restraining order to be released from custody because the conditions of his confinement allegedly violate his constitutional rights. In particular Mr. Kiderlen alleges that he has been denied adequate medical and mental health care for more than five years for a variety of ailments and that his life and safety are in danger because federal prisons are overcrowded.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the

nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Kiderlen is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Kiderlen "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Kiderlen "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

The Court finds that Mr. Kiderlen is not entitled to either an immediate injunction or a temporary restraining order because he has not filed a pleading on the proper form that provides a short and plain statement of the specific claims for relief he intends to

pursue in this action.  Accordingly, it is

ORDERED that the Notice to Court (ECF No. 10) is construed as both as an objection to the Order Directing Applicant to Cure Deficiencies (ECF No. 8) and as a request for extension of time to cure the deficiencies.  It is

FURTHER ORDERED that the liberally-construed objection is overruled and the liberally-construed request for extension of time is granted.  It is

FURTHER ORDERED that Plaintiff shall have up to and including **May 30, 2014**, to cure the deficiencies as directed in the Order Directing Applicant to Cure Deficiencies (ECF No. 8).  It is

FURTHER ORDERED that the Motion for Immediate Injunction and/or Temporary Restraining Order (ECF No. 11) is denied.

DATED at Denver, Colorado, this  11th  day of   April  , 2014.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court